Patience NELSON–COLE, Plaintiff,

v.

BORG–WARNER SECURITY
CORPORATION, et al.,
Defendants.

Civ. A. No. 94–1931 (CRR).

United States District Court,
District of Columbia.

April 6, 1995.

John M. Bredehoft, Elaine C. Bredehoft, and Linda G. Hill of Charlson & Bredehoft, Reston, VA, for plaintiff.

Ellen F. Randel, Robert Steinberg, and Diane C. Reichwein of Porter, Wright, Morris & Arthur, Washington, DC, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are the Defendants' Motion for Summary Judgment, the Plaintiff's Opposition, and the Defendants' Reply thereto. Upon careful consideration of the papers, the entire record, and the applicable law, the Court shall grant the Motion, in part, as hereinafter discussed.

## BACKGROUND

The facts material to this case are not in dispute.[1] Defendant Borg–Warner Protective Services Corporation provides security guards and related services at the World Bank under the Burns International Security Services ("Burns") trade name. Defendant Captain Henry Godette has been employed by Burns as a security officer. Plaintiff was hired as a security officer for Burns to work at the World Bank on May 14, 1991.

From May 14, 1991 until January 1992, Plaintiff worked for Lieutenant Kapoor, and from February 1992 until February 1993, for Lieutenant Woldai. Subsequently, Plaintiff took a maternity leave. Upon returning from maternity leave, Plaintiff was assigned to Captain Henry Godette.

From March 25, 1993, until August 25, 1993 Plaintiff worked for Captain Godette. After a counselling session with Captain Godette, Plaintiff then became ill and went to the hospital. While on sick leave, Plaintiff presented Major Haynes, a Burns employee, with a written complaint charging Captain Godette with sexual harassment. Major Haynes forwarded the complaint to Abdual Wali, who, along with Sharon Powell investigated Plaintiff's charges. The same day that Plaintiff presented her complaint to Major Haynes, Plaintiff filed a discrimination charge with the EEOC. Mr. Wali and Ms. Powell also investigated the EEOC charge.

After filing her initial charge of discrimination, Plaintiff filed an amended charge alleging retaliation by coworkers and management personnel. Plaintiff was subsequently transferred to another building to work for Lieutenant Woldai.

For four months Plaintiff worked for Lieutenant Woldai. During that time, Plaintiff alleges that she had problems with her coworkers regarding her claims. Plaintiff called in sick on February 25, 1994. Mr. Wali contacted Plaintiff to schedule a meeting but Plaintiff declined and submitted a typed resignation on March 12, 1994.

## DISCUSSION

Summary Judgment shall be rendered upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff's Complaint alleges various statutory and common law claims that are addressed by the parties in the instant pleadings. At an October 6, 1994 status conference, the Court separated out Plaintiff's common-law claims. Accordingly, the Court shall only address Plaintiff's statutory claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the District of Columbia Human Rights Act. Summary judgment with respect to Plaintiff's common law claims shall, at this time, be denied, without prejudice to renew

---

1. Although the Defendants did not file a separate statement of material facts not in dispute, their Motion did contain a statement of facts which the Plaintiff treated as the Local Rule 108(h) statement. Therefore, the Court finds that the parties have complied with Local Rule 108(h).

after the conclusion of the instant proceedings.

Specifically, Plaintiff's Complaint alleges four statutory claims: (1) discrimination in the course of her employment in violation of Title VII on account of her sex; (2) retaliatory conduct during the course of her employment in violation of Title VII; (3) discrimination in the termination of her employment in violation of Title VII; and (4) discrimination in the course of her employment in violation of the District of Columbia Human Rights Act.

Defendants claim that the Title VII claims against Defendant Captain Godette should be dismissed because he is not an "employer" as defined by Title VII. Next, Defendants assert that the Title VII claims against Defendant Borg–Warner should be dismissed because they took "prompt remedial action" upon learning of the discrimination. Third, Defendants allege that the facts do not support Plaintiff's claim of constructive discharge. Fourth, Defendants allege that because they offered the Plaintiff a "substantially equivalent" position, she is not entitled to backpay. Finally, Defendants claim that the one year time requirement of the D.C. Human Rights Act bars Plaintiff's claims against Defendant Captain Godette.

For the reasons stated hereafter, the Court shall grant summary judgment for the Defendants solely with respect to the Title VII claim and the D.C. Human Rights claims alleged against Defendant Captain Godette.

## I. *THE TITLE VII CLAIMS ALLEGED AGAINST DEFENDANT CAPTAIN HENRY GODETTE SHALL BE DISMISSED BECAUSE HE IS NOT AN "EMPLOYER" AS DEFINED IN TITLE VII.*

The Defendants argue that the Title VII claim against Captain Godette must be dismissed because he is not an "employer" as defined by Title VII. In contrast, Plaintiff maintains that Captain Godette is liable because he had supervisory authority over Plaintiff. Upon careful analysis, the Court agrees with the Defendants.

Title VII provides that "it shall be an unlawful employment practice for an employer" to discriminate on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2. Under the statute, "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person...." 42 U.S.C. § 2000e(b). In interpreting this statute, federal courts have routinely held that although an employee may be sued in their "official capacities" as an agent of an employer, there is no liability for an employee in his or her individual capacity. *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587–88 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991); *Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990); *Stefanski v. R.A. Zehetner & Associates, Inc.,* 855 F.Supp. 1030, 1032 (E.D.Wisc.1994); *see York v. Tennessee Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982); *Webb v. Hyman,* 861 F.Supp. 1094, 1108 (D.D.C.1994).

Notwithstanding the overwhelming case law, Plaintiff asserts that under *Paroline v. Unisys Corp.,* 879 F.2d 100 (4th Cir.1989), *vacated in part on other grounds,* 900 F.2d 27 (4th Cir.1990), Captain Godette may be held liable. The Court, however, is unpersuaded by Plaintiff's argument.

In *Paroline* the Court of Appeals for the Fourth Circuit held that an individual may qualify as an "employer" for purposes of establishing liability under Title VII. *Paroline,* 879 F.2d at 104. An individual qualifies as an employer "if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Id.* (citations omitted).

Even if the Court were to apply the *Paroline* standard to the instant case, Captain Godette cannot be held liable because the Plaintiff has failed to show how he exercised "significant control" over Plaintiff. According to the Plaintiff, the only authority that Godette had over Plaintiff was the assignment of duties. (Pl.'s Oppos. at 13). The

assignment of duties, without more, is simply not enough to establish liability under the *Paroline* standard.

Furthermore, the precedential value of *Paroline* is questionable in light of the Fourth Circuit's subsequent decision in *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.1994). In that case, the Fourth Circuit cited with approval the Ninth Circuit's decision in *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993), which indicated with respect to Title VII, that "Congress did not intend to impose individual liability on employees." *Id.* at 510.

Based on the foregoing, Plaintiff's Title VII claim against Captain Godette shall be dismissed.

## II. SUMMARY JUDGMENT SHALL NOT BE AWARDED ON PLAINTIFF'S TITLE VII CLAIMS AGAINST DEFENDANT BORG–WARNER BECAUSE THEY ARE NOT PRECLUDED FROM LIABILITY FOR SEXUAL HARASSMENT AS A MATTER OF LAW.

■ Defendants challenge Plaintiff's Title VII claims against Defendant Borg–Warner by asserting that Borg–Warner's prompt remedial action in this case precludes them from liability as a matter of law pursuant to *Bundy v. Jackson*, 641 F.2d 934 (D.C.Cir. 1981). (Defs.' Mot. at 14). However, the Court finds that Defendants' reliance upon *Bundy* is misplaced.

In *Bundy*, the Court of Appeals for this Circuit explained that an "employer might be relieved of liability if the supervisor committing the harassment did so in contravention of the employer's policy," and the employer took prompt remedial action to alleviate the situation. *Bundy*, 641 F.2d at 943 (referring to *Barnes v. Castle*, 561 F.2d 983, 993 (D.C.Cir.1977)).

Initially the Court observes that *Bundy* may not even apply because the evidence suggests that the Defendants may not have had a clear sexual harassment policy that was properly disseminated to supervisory personnel in place prior to the incidents involving Plaintiff. At least one individual has stated in deposition that the company's sexual harassment policy was distributed *after* Plaintiff complained of sexual harassment, and that the policy was "something that was new." (Dep. of Sergeant Christopher Ekhator at 66–67).

Even if *Bundy* applied to the instant situation, Defendants are not entitled to summary judgment because it is far from clear that the Defendants took prompt remedial action to alleviate the situation. Although Plaintiff was transferred to another supervisor after lodging her complaint, she allegedly suffered from retaliatory comments. (Nelson–Cole Dep. at 537–38, 692). Furthermore, the evidence suggests that the investigators may not have adequately investigated Plaintiff's complaints. For instance, when the investigators questioned one of the witnesses, they neglected to ask the witness specifically about Plaintiff's complaint of sexual harassment. (Dep. of Sergeant Christopher Ekhator, Plaintiff's Supervisor, at 76–79).

In addition, the Court observes that the *Bundy* analysis does not alter the general rule stated by this Court in *Webb v. Hyman*, 861 F.Supp. 1094, 1108 (D.D.C.1994), with respect to employer liability. In that case, this Court explained that " 'an employer is liable for the discriminatorily abusive work environment created by a supervisor if the supervisor uses his actual or apparent authority to further the harassment, or if he was otherwise aided in accomplishing the harassment by existence of the agency relationship.' " *Webb*, 861 F.Supp. at 1108 (quoting *Karibian v. Columbia University*, 14 F.3d 773, 780 (2d Cir.1994), *cert. denied*, —— U.S. ——, 114 S.Ct. 2693, 129 L.Ed.2d 824 (1994) (other citations omitted)). In *Webb*, this Court upheld the jury's finding of employer liability where the Defendant had "used his supervisory role to create her abusive environment." *Webb*, 861 F.Supp. at 1108. In the instant case, there is ample evidence to support Plaintiff's contention that her supervisor may have used his position to create the alleged abusive environment. For instance, when Plaintiff rejected Captain Godette's advances, she was allegedly told that "if [you] don't like what [I am] doing to [you, you] should look for another job." (Nelson–Cole Dep. at 35–36). Moreover, Captain Go-

dette allegedly touched Plaintiff in a sexually offensive manner while she was on duty. (Nelson–Cole Dep. at 314).

In sum, because the Court cannot find that the Defendants are precluded from liability as a matter of law, Defendants are not entitled to summary judgment regarding the Title VII claims alleged against Defendant Borg–Warner.

### III. PLAINTIFF'S CLAIM OF "CONSTRUCTIVE DISCHARGE" UNDER TITLE VII SHALL NOT BE DISMISSED.

Count three of Plaintiff's complaint alleges that she was constructively discharged in violation of Title VII.

■ A finding of constructive discharge in contravention of Title VII requires proof that the employer made the employees' working conditions intolerable and drove the employee to resign involuntarily. *Clark v. Marsh,* 665 F.2d 1168, 1173 (D.C.Cir.1981) (citation omitted). To satisfy this standard, there must be proof of "aggravating factors." *Id.* at 1174. Upon review of the facts of this case, the Court concludes that there is a genuine factual dispute precluding an award of summary judgment on this issue.

■ The Plaintiff alleges that after she filed a charge of discrimination with the EEOC, she suffered from retaliation by the Defendants. Specifically, Plaintiff alleges that she was harassed by her supervisors and coworkers after she complained of discrimination. (Nelson–Cole Dep. at 537–38, 692). In fact, Plaintiff even purportedly received a threatening phone call. *Id.* These facts may lead a jury to conclude that aggravating circumstances existed so as to cause Plaintiff to be constructively discharged. Accordingly, summary judgment with respect to the constructive discharge claim shall be denied.

### IV. BECAUSE THERE IS A GENUINE DISPUTE OVER MATERIAL FACTS, DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF WHETHER PLAINTIFF IS ENTITLED TO BACK PAY.

■ The Defendants contend that because the Plaintiff was offered a position equivalent to her previous job, she is not entitled to back pay. (Defs.' Mot. at 22). The Plaintiff disputes this contention.

Under Title VII, a claimant has a duty to mitigate damages. 42 U.S.C. § 2000e–5(g). The Supreme Court has explained that a claimant "forfeits h[er] right to back pay if [s]he refuses a job substantially equivalent to the one [s]he was denied." *Ford Motor Co. v. EEOC,* 458 U.S. 219, 231–32, 102 S.Ct. 3057, 3065–66, 73 L.Ed.2d 721 (1982). In this case, however, because there is a factual dispute as to whether the Plaintiff was offered a substantially equivalent position, summary judgment is not appropriate.

Plaintiff contends that the Defendants were unable to identify any of the positions, the locations, positions, or work hours available to the Plaintiff when the alleged job offer was made. (Dep. of Thomas T. Parrish, Defendant Borg–Warner designee, at 5, 9). According to the Plaintiff, this shows that she was not offered an "equivalent position." In contrast, the Defendants contend that Plaintiff was offered an equivalent position by Mr. Wali. (Defs.' Mot. for Summ.J. at 22). Because there is a genuine dispute over this issue, summary judgment shall not be awarded. *See* Fed.R.Civ.P. 56.

### V. SUMMARY JUDGMENT REGARDING PLAINTIFF'S CLAIM AGAINST DEFENDANT CAPTAIN GODETTE UNDER THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT SHALL BE GRANTED.

■ Defendants claim that with respect to the claims against Captain Godette arising under the D.C. Human Rights Act, Plaintiff's claims are time barred. The Court agrees.

Under the D.C. Human Right Act, a party must file a claim within one year following the cessation of the discrimination. D.C.Code § 1–2544; *Ravinskas v. Karalekas,* 741 F.Supp. 978, 979 (D.D.C.1990). In this case, the Court concludes that Plaintiff has failed to meet the one year time requirement.

Plaintiff filed this Complaint on September 6, 1994. Plaintiff admits that all of the substantive discrimination allegedly caused by Captain Godette took place prior to August 25, 1993. (Nelson–Cole Dep. at 299, 319, 324, 335). Nevertheless, Plaintiff contends that certain comments subsequently made by Captain Godette qualify as retaliation or continuing harassment. According to the Plaintiff, Captain Godette made two specific comments: (1) Godette informed his subordinates that he was a victim of a sexual harassment claim; and (2) he informed another employee that Plaintiff was transferred after a confrontation with an employee over the sexual harassment policy. (Ekhator Dept. 69–70, 83–84). However, neither comment shows any attempt on the part of Captain Godette to further discriminate or retaliate against Plaintiff. Further, the comments were not made in the presence of the Plaintiff. Thus, the Court cannot agree with the Plaintiff that such comments are acts of retaliation or continuing harassment. Consequently, these comments cannot serve to satisfy the one year time bar under the D.C. Human Rights Act. Accordingly, Plaintiff's D.C. Human Rights claim against Captain Godette shall be dismissed.

## CONCLUSION

Based on the foregoing, the Court finds that the Plaintiff's Title VII and D.C. Human Rights Act claims as to Defendant Captain Henry Godette shall be dismissed. However, Defendants are not entitled to Summary Judgment with respect to the Title VII claims alleged against Defendant Borg–Warner, the claim of constructive discharge, and the issue of back pay. Accordingly, the Court shall issue an order of even date herewith consistent with this Memorandum Opinion.