**James E. ANDERSON, Jr., Plaintiff,**

v.

**LOCAL 201 REINFORCING RODMEN, Defendant.**

**Civ. A. No. 95–706 (CRR).**

United States District Court, District of Columbia.

May 18, 1995.

James E. Anderson, pro se.

Sally M. Tedrow and Ellen O. Boardman, of O'Donoghue & O'Donoghue, Washington, DC, for defendant.

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case is the Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall GRANT the Defendant's Motion to Dismiss.

## I. BACKGROUND

Defendant is a local union which represents construction workers known as "rodmen" who install steel rods for reinforcing concrete and other building materials. In April 1993, Plaintiff became an apprentice in Defendant's Joint Apprenticeship and Training Program. In April 1994, after having received substandard marks in the Apprenticeship Program, which he had compiled a poor attendance record in, Plaintiff was referred to a job with Eastern Steel, an employer signatory to a collective bargaining agreement with Local 201.

Plaintiff alleges that, while working with Eastern Steel on the Susan Bridge, Whitt Lowe, the job foreman, called Plaintiff "a mule." Complaint at 1. Plaintiff maintains that he was "so hurt inside [by Lowe's remark that he] took a few days off." *Id.* Plaintiff further alleges that he subsequently complained to George Hindle, the Apprentice Supervisor for the Apprenticeship Program, about Lowe's comment and that Hindle told him that unless he returned to the same jobsite Plaintiff would be terminated. *Id.* Plaintiff did not return to the jobsite and, by letter dated April 30, 1994, he was terminated from the Apprenticeship Program by the Joint Apprenticeship and Training Committee.

On June 2, 1994, Plaintiff appeared at a meeting of the Committee to appeal the decision to terminate him from the Apprenticeship Program. The Committee rejected the appeal, concluding that Plaintiff had not provided grounds for reversal of its decision.

Thereafter, on or about June 21, 1994, Plaintiff filed a Complaint with the District of Columbia Field Office of the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Complaint alleged that his termination was racially discriminatory.

On January 6, 1995, the EEOC issued what is commonly referred to as a "right to sue letter" dismissing the charge, because "[t]he preponderance of the evidence gathered in EEOC's investigation fail[ed] to prove Charging Party's claim." EEOC Determination, attached to Plaintiff's Complaint. The letter informed Plaintiff that

THE CHARGING PARTY MAY ONLY PURSUE THIS MATTER FURTHER BY FILING SUIT AGAINST THE RESPONDENT NAMED IN THE CHARGE IN FEDERAL DISTRICT COURT WITHIN 90 DAYS OF THE CHARGING PARTY'S RECEIPT OF THIS LETTER.

*Id.* The letter further stated that "if a suit is not filed within this 90 day period, the Charging Party's right to sue will be lost." *Id.* Plaintiff filed the instant action on April 13, 1995, ninety-seven days after the right-to-sue letter was issued.

## II. DISCUSSION

### A. Plaintiff fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) culls legally deficient claims. Accordingly, for the purposes of deciding a motion to dismiss for failure to state a claim upon which relief can be granted, all factual allegations contained in the complaint are to be construed as true, and all doubts and ambiguities are to be decided in the plaintiff's favor. *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985). Dismissal under FED.R.CIV.P. 12(b)(6) is warranted only when it appears that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

The Supreme Court in *Conley* emphasized that a complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds on which it rests." *Id.* at 47, 78 S.Ct. at 103. Federal courts "have expounded this standard in civil rights cases." *Russell v. District of Columbia,* 747 F.Supp. 72, 75 (D.D.C.1990), *aff'd.,* 984 F.2d 1255 (D.C.Cir.1993); *see Simpson v. Welch,* 900 F.2d 33 (4th Cir.1990) (plaintiff must set forth more than conclusory allegations of discrimination); *Fisher v. Flynn,* 598 F.2d 663 (1st Cir.1979) (civil rights complaints must do more than state simple conclusions; they must outline facts constituting a violation); *Gallion v. District of Columbia Dep't of Human Srvcs.,* 58 FEP Cases 333, 1992 WL 44360 (D.D.C.1992) (Rule 12(b)(6) dismissal appropriate where plaintiff does not allege facts to support conclusory allegations of discrimination); *Black v. Brown University,* 555 F.Supp. 880 (D.R.I.1983) (civil rights complaint without a minimally sufficient factual predicate cannot stand). Because Plaintiff's Complaint fails to satisfy the most rudimentary pleading requirements or to articulate a cognizable claim, the Court will GRANT the Defendant's Motion to Dismiss.

Plaintiff's terse one-page Complaint fails to state grounds for the Court's jurisdiction, as required by FED.R.CIV.P. 8(a)(1); a "short and plain statement of the claim showing that the pleader is entitled to relief, as required by FED.R.CIV.P. 8(a)(2); or a demand for relief, as required by FED.R.CIV.P. 8(a)(3). It is only because Plaintiff attached the right-to-sue letter to his Complaint that the Court infers he is seeking relief under Title VII, which prohibits discrimination against any individual with respect to the terms and conditions of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

■ In order to state a legally sufficient claim under Title VII for discriminatory discharge, a plaintiff

> must allege that [he or] she (1) is a member of a protected class; (2) was qualified for a particular position; (3) was denied a privilege of [his or] her employment and ultimately was discharged from that position; and (4) was discharged under circum-

stances giving rise to an inference of discrimination.

*Alie v. NYNEX Corp.,* 158 F.R.D. 239 (E.D.N.Y.1994). Plaintiff alleges only that he was called "a mule" by the job foreman and that he was discharged after he failed to report to work for several days. His Complaint nowhere makes reference to discrimination nor is the pejorative "mule" inherently discriminatory; the term has no apparent racial connotation and was unaccompanied by any indicia of racial animus. Because Plaintiff does not allege in his Complaint that he was discharged under circumstances giving rise to an inference of discrimination, dismissal under FED.R.CIV.P. 12(b)(6) is appropriate. The Court will accordingly GRANT the Defendant's Motion to Dismiss.

## B. Plaintiff's Complaint is Time–Barred by 42 U.S.C. § 2000e–5(f)(1).

Even assuming *arguendo* that Plaintiff has stated a cognizable claim under Title VII, the Court is precluded from entertaining the instant action by 42 U.S.C. § 2000e–5(f)(1), which requires Title VII litigants to file their civil actions within ninety days of receipt of an EEOC Determination. Plaintiff filed his Complaint more than ninety days after his presumptive receipt of the EEOC letter. Absent any applicable defenses to the ninety day filing requirement, summary judgment in favor of the Defendant or dismissal is therefore appropriate.

Title 42, United States Code, § 2000e–5(f)(1) states, in part,

> If a charge filed with the [EEOC] pursuant to subsection (b) of this section is dismissed by the [EEOC] ... the [EEOC] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e–5(f)(1) (Supp.1994). This statute of limitations provision requires that, in order to maintain a civil suit under Title VII, a party must file a complaint within ninety days after receiving a right-to-sue letter from the EEOC. *See Peete v. American Standard Graphic,* 885 F.2d 331, 332 (6th Cir.1989).

Such requirement is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 360 (D.C.Cir.1982). However, "[i]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984) (quoting *Rice v. New England College*, 676 F.2d 9 (1st Cir.1982)).

The right-to-sue letter was presumptively mailed on the date of its issuance, January 6, 1995. *Accord Zachery v. Whalen*, 65 FEP Cases 935, 937, 1994 WL 411526 (N.D.N.Y.1994); *Speed v. Letter Carriers Health Plan*, 7 IER Cases 307, 308, 1992 WL 52532 (D.D.C.1992), *aff'd*, 993 F.2d 913 (D.C.Cir.1993); *Pacheco v. IBM*, 55 FEP Cases 1564, 1566, 1991 WL 87538 (N.D.N.Y. 1991). Plaintiff's Complaint fails to indicate the date he received the right-to-sue letter. Accordingly, the Court must fix a presumptive date of receipt for purposes of determining whether Plaintiff complied with the ninety day filing requirement.

Courts are divided as to the presumptive date of receipt of a right-to-sue letter. *Compare Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1723 n. 1, 80 L.Ed.2d 196 (1984) (presuming, by analogy to FED.R.CIV.P. 6(e), that right-to-sue letter was received three days after issuance and mailing); *and Pacheco v. IBM*, 55 FEP Cases at 1566, 1991 WL 87538 (same) *and Zachery v. Whalen*, 65 FEP Cases at 937, 1994 WL 411526 (describing three-day-presumption as "reasonable") *with Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir.1986) (presuming, by analogy to 29 C.F.R. § 422.210(c) that right-to-sue letter was received five days after issuance and mailing) *and Cook v. Providence Hosp.*, 820 F.2d 176, 179 n. 3 (6th Cir.1987) (stating that there is a presumption that mail is received by the addressee and that the ninety-day time limit begins to run five days after the EEOC mails the notice of right to sue). *See also Hunter*, 790 F.2d at 474–75 (there is no inflexible rule requiring actual receipt of

notice of right to sue by civil rights plaintiff before ninety-day filing period begins to run). *But see Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1286 n. 3 (9th Cir.1977) (requiring actual notice of right-to-sue letter before ninety-day filing period begins to run).

It is undisputed that the right-to-sue letter was issued on January 6, 1995. Plaintiff filed his Complaint on April 13, 1995, ninety-seven days later. Regardless of which presumptive receipt rule the Court adopts—the three-day or five-day rule—Plaintiff failed to comply with the ninety-day filing requirement. That Plaintiff is a *pro se* litigant does not render him immune from the ninety-day requirement. Congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center*, 466 U.S. at 152, 104 S.Ct. at 1726. Time limitations such as the ninety-day filing requirement "are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given grudging application." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452–53 (7th Cir.1990). Rather, "[t]hey protect important social interests in certainty, accuracy, and repose." *Id.* Accordingly, in the absence of waiver, estoppel, or equitable tolling, *Zipes*, 455 U.S. at 393, 102 S.Ct. at 1132, none of which are present here, summary judgment in favor of the Defendant or dismissal is appropriate. *Peete*, 885 F.2d at 332.

## III. CONCLUSION

Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court will enter an Order of even date herewith consistent with the foregoing Memorandum Opinion GRANTING the Defendant's Motion to Dismiss.