**Mengistu TAYE, Plaintiff,**

v.

**Beth AMUNDSON, Defendant.**

**Civ. A. No. 95–01961.**

United States District Court,
District of Columbia.

Dec. 22, 1995.

Mengistu Taye, Washington, DC, Pro Se.

Sarah P. Mulkern, McLean, VA, for defendant.

## OPINION

SPORKIN, District Judge.

This matter comes before the Court on defendant's motion to dismiss the complaint. Plaintiff, a former employee of George Washington University, alleges that defendant discriminated against him based on his race and national origin, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* Plaintiff is proceeding pro se.

## BACKGROUND

Plaintiff was employed by the George Washington University from June 1987 until January 6, 1993. The complaint indicates that, for the last three years of his employment, plaintiff worked as a parking lot attendant under the supervision of Beth Amundson. Plaintiff alleges that Ms. Amundson subjected him to harassment and discriminatory conditions. He further alleges that he was given "false write-ups" and denied a raise. Plaintiff alleges that such treatment was discrimination based on his race (black) and national origin (Ethiopian).

Plaintiff previously filed a complaint in the United States District Court for the District of Columbia, alleging employment discrimination based on these same facts. That complaint was dismissed without prejudice on August 8, 1995, for failure to exhaust administrative remedies, as required by 42 U.S.C. § 2000e–5(b), (e) and (f) (1984).

Subsequently, plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC). On March 17, 1995, the EEOC issued a right-to-sue notice against George Washington University (GWU). The notice indicated that (GWU) denied plaintiff's allegations of discrimination. GWU further claimed that it put plaintiff on probation for poor performance, that it followed its established discipline procedures, including giving plaintiff no fewer than 29 written warnings. The EEOC found that the evidence did not establish a violation of Title VII.

In issuing the right-to-sue notice, the EEOC informed the plaintiff as follows:

THE CHARGING PARTY MAY ONLY PURSUE THIS MATTER FURTHER BY FILING SUIT AGAINST THE RESPONDENT NAMED IN THE CHARGE IN FEDERAL DISTRICT COURT WITHIN 90 DAYS OF THE CHARGING PARTY'S RECEIPT OF THIS LETTER. Therefore, if a suit is not filed within this 90 day period, the Charging Party's right to sue will be lost.

Despite this clear notification of the 90 day period for filing suit, plaintiff did not bring suit until October 19, 1995, seven months after the issuance of the right-to-sue notice.

Defendant seeks dismissal of the complaint on three grounds: (1) that the complaint was not filed within the required 90 day period; (2) that plaintiff cannot maintain Title VII action against his former supervisor in her individual capacity; and (3) that defendant (Beth Amundson) was not the respondent (GWU) in the underlying EEOC charge. Because the Court finds that complaint should be dismissed as time-barred, the Court does not reach defendant's second and third arguments.

### STANDARD

In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true each of the allegations in the complaint. The motion should not be granted unless it appears that the plaintiff can prove no set of facts entitling him or her to the relief sought in the complaint. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1977).

### DISCUSSION

A private action brought to enforce a right arising under Title VII must be filed "within 90 days after the giving of [ ] notice" of a right to sue. 42 U.S.C. § 2000e–5(f)(1). Although timeliness is an essential element of a Title VII claim, the complaint did not allege the date of issuance or receipt of the right-to-sue notice.

Failure to allege a date of receipt is not fatal to plaintiff's complaint. Many courts have fixed a presumptive date of receipt as being 3–5 days following issuance of the letter by the EEOC. *See Anderson v. Local 201 Reinforcing Rodmen,* 886 F.Supp. 94 (D.D.C.1995) (dismissing complaint filed by pro se plaintiff where suit was filed 97 days after issuance of the right-to-sue letter); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1723 n. 1, 80 L.Ed.2d 196 (1984) (presuming that the right-to-sue letter was received three days after issuance and mailing); *Hunter v. Stephenson Roofing,* 790 F.2d 472 (6th Cir.1986) (presuming that the right-to-sue letter was received five days after issuance and mailing).

Even assuming a presumptive date of receipt five days after issuance, plaintiff failed to file within the statutory period of 90 days. In this case, the suit was filed more than seven months after issuance of the right-to-sue letter. Although the Court will hold a pro se plaintiff's complaint to a standard less stringent than pleadings drafted by attorneys, *Redwood v. Council of the District of Columbia,* 679 F.2d 931, 933 (D.C.Cir. 1982), the Court can not overlook legal requirements. It is a clear requirement of Title VII that a private suit to enforce a claim arising under Title VII must be filed within 90 days of receipt of the right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). Although plaintiff had adequate notice of this requirement, he neither filed within the allotted time nor adequately explained his failure to do so.

### CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss the complaint. Since the Court finds the complaint should be dismissed as time-barred, it need not reach defendant's remaining arguments.