Ulises GUILLEN, Plaintiff,

v.

THE NATIONAL GRANGE, Defendant.

Civil Action No. 96–2568(AER).

United States District Court,
District of Columbia.

March 3, 1997.

Thomas Mugavero, Montedonico, Hamilton & Altman, P.C., Washington, DC, for Defendant.

Ulises Guillen, Washington, DC, pro se.

## MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This matter is before the Court on Defendant's Motion to Dismiss and Defendant's Motion for Sanctions. Plaintiff, whom the Court granted leave to proceed *in forma pauperis,* is representing himself, and has filed oppositions to both motions.

Plaintiff asserts two types of claims. First, Plaintiff alleges that Defendant discriminated against him because of his race while he was employed at and terminated by The National Grange. Second, Plaintiff alleges that following his termination, The National Grange published defamatory statements to Plaintiff's prospective employers indicating that Plaintiff had sexually harassed others during his employment with The National Grange. Defendant has moved to dismiss the complaint for three reasons, the first two of which apply to Plaintiff's racial discrimination claim, and the third which applies to Plaintiff's defamation claim.

## DISCUSSION

A. *Plaintiff's Discrimination Claim*

Defendant alleges that Plaintiff did not file his discrimination claim within the ninety-day limit provided for in a right to sue letter issued by the Equal Employment Opportunity Commission to Plaintiff on July 23, 1996. Defendant is correct in stating that the Clerk of the Court did not officially file or assign this case until November 13, 1996. However, a more thorough examination of the face of Plaintiff's complaint and the official court record of this action reveals that Plaintiff presented his complaint and petition

to proceed *in forma pauperis* to the Clerk on October 22, 1996, within the ninety-day deadline.[1] The Court then reviewed the complaint and petition and granted Plaintiff leave to proceed without prepayment of costs on November 7, 1996. The Clerk then officially filed this case and assigned it to the undersigned on November 13, 1996.

Litigants are not responsible for the administrative delay associated with the Court's review of petitions to proceed *in forma pauperis*. Therefore, the presentation of a complaint accompanied with a petition to proceed *in forma pauperis* tolls the ninety-day period of limitations contained in the right to sue letter. *Simmons v. Dennison,* No. 90–1885, 1991 WL 148544, at *1 (D.D.C.1991), *aff'd,* No. 91–7183, 1992 WL 308840 (D.C.Cir. Oct.5, 1992); *Yelverton v. Blue Bell, Inc.,* 530 F.Supp. 701, 701–02 (E.D.N.C.1982). Accordingly, the Court holds that Plaintiff's racial discrimination claim is not time barred because Plaintiff presented to the Clerk of the Court his complaint and petition to proceed *in forma pauperis* prior to the expiration of the ninety-day period provided for in the right to sue letter. Defendant's motion to dismiss the discrimination claim on that basis is denied.

■ Defendant then asserts that Plaintiff's discrimination claim is barred by *res judicata.* Defendant alleges that Plaintiff filed an identical discrimination action in the Superior Court for the District of Columbia in February 1994. Defendant's motion provided the case number for that action, and indicated that the Superior Court ultimately dismissed Plaintiff's complaint with prejudice. However, Defendant gave no details of the nature of the prior lawsuit and did not submit copies of any orders dismissing Plaintiff's complaint. Thus, the record before this

Court is completely devoid of any information from which the Court may determine that *res judicata* bars this action. Accordingly, Defendant's motion to dismiss Plaintiff's discrimination claim based on *res judicata* is dismissed without prejudice.

### B. *Plaintiff's Defamation Claim*

Finally, Defendant alleges that Plaintiff's defamation claim is time barred by the one year statue of limitations for defamation actions. Defendant asserts that Plaintiff's claim rests solely on defamatory acts that occurred in 1994.[2] Plaintiff's complaint, while not specific, does allege that the defamation by Defendant continued for the duration of Plaintiff's job search. However, given the nature of this *pro se* Plaintiff's complaint, it is difficult to determine when Plaintiff alleges that the defamation occurred.

Accordingly, the Court reserves ruling on Defendant's motion to dismiss Plaintiff's defamation claim as time barred. Further, the Court orders Plaintiff to file a more definite statement of his defamation claim that identifies the date on which the defamatory statement was made, the person who made the statement, the person to whom the statement was made, and the nature of the statement. Plaintiff is hereby notified that failure to comply with the Court's order to submit a more definite statement may result in dismissal of his action.

### C. *Defendant's Motion for Sanctions*

■ Defendant also filed a Motion for Sanctions alleging that Plaintiff's complaint violated Federal Rule of Civil Procedure 11. Defendant asserts that given its three persuasive reasons for dismissing the complaint, it is obvious that Plaintiff's complaint is frivolous. Moreover, Defendant asserts that

---

1. Plaintiff presented his complaint and petition to the Clerk on the ninety-first day after *issuance* of the right to sue letter. Title VII requires that Plaintiff file suit within ninety days after *receipt* of the right to sue letter. Neither party has specified the date that Plaintiff received the right to sue letter, and Defendant did not argue that October 22 was not within the ninety-day period. In any event, even if the Court used the most restrictive method for determining the presumptive date of Plaintiff's receipt of the letter by adding three days to the ninety-day period, the

ninety-first day is valid. *See Anderson v. Local 201 Reinforcing Rodmen,* 886 F.Supp. 94, 96–97 (D.D.C.1995).

2. As is the case for Plaintiff's discrimination claims, the presentation of Plaintiff's petition to proceed *in forma pauperis* and complaint tolls the statute of limitations for Plaintiff's defamation claims. *Jones v. Hinton,* 847 F.Supp. 41, 42 (E.D.Pa.1994).

Plaintiff filed this suit in bad faith. According to Defendant, the suit is "merely Plaintiff's latest salvo in a long-standing campaign against The National Grange." Motion for Sanctions at 3.

Defendant provides the Court with no facts from which the Court may make a finding of frivolity or bad faith, other than unsupported rhetoric contained in both the Motion to Dismiss and the Motion for Sanctions. As the Court's disposition of Defendant's Motion to Dismiss indicates, the Court is not as convinced of the validity of Defendant's arguments as Defendant is. Without more, there is no basis for finding a violation of Rule 11. Accordingly, the Court finds that the Motion for Sanctions is without merit and must be denied.

### CONCLUSION

For the reasons set forth herein, it is by the Court this 3rd of March 1997,

**ORDERED**, that Defendant's Motion to Dismiss Plaintiff's discrimination claim as time barred be and hereby is **DENIED;** and it is

**FURTHER ORDERED**, that Defendant's Motion to Dismiss Plaintiff's discrimination claim as barred by *res judicata* be and hereby is **DENIED** without prejudice; and it is

**FURTHER ORDERED**, that the Court reserves ruling on Defendant's Motion to Dismiss Plaintiff's defamation claim as time barred; and it is

**FURTHER ORDERED**, that Plaintiff, within twenty (20) days from the file stamped date of this Order, submit to the Court and to Defendant's counsel a more definite statement of his defamation claim that identifies the dates on which alleged defamatory statements were made, the person who made the statement, the person to whom the statement was made, and the nature of the statement; and it is

**FURTHER ORDERED**, that Plaintiff's failure to comply with the Court's order to submit a more definite statement may result in dismissal of his action; and it is

**FURTHER ORDERED**, that Defendant shall file its answer within twenty (20) days after Plaintiff's files his more definite statement of his defamation claims; and it is

**FURTHER ORDERED**, that Defendant's Motion for Sanctions be and hereby is **DENIED.**