Ronnie C. HOGUE, Plaintiff,

v.

John ROACH, et al., Defendants.

Civil Action No. 97–0208 (PLF).

United States District Court,
District of Columbia.

June 23, 1997.

Ronnie C. Hogue, Upper Marlboro, MD, pro se.

Thomas P. Dowd, Littler, Mendelson, Fastiff, Tichy & Matiason, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment, and Defendants' Motion to Dismiss Plaintiff's Claims Against John Roach. Plaintiff, who is proceeding *pro se* in this matter, filed a response to defendants' motions and defendants filed a reply. Defendants' Motion to Dismiss Plaintiff's Claims Against John Roach is granted. Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment is denied.

## I. BACKGROUND

Mr. Hogue filed a grievance with the EEOC. On September 13, 1996, the EEOC issued a notice of right-to-sue to Mr. Hogue because more than 180 days had expired since he had filed the charge, but Mr. Rogue did not receive the EEOC notice until September 25, 1996. Plaintiff's Response to Defendants' Motions, Attachment.[1]

1. Mr. Hogue attached to his response a copy of the U.S. Postal Service receipt for a certified letter indicating that the EEOC right-to-sue notice was not delivered until September 25, 1996.

2. The Clerk's Office utilizes standard forms by which to inform litigants of deficiencies in their papers. Records of such correspondence are maintained by the Clerk's Office. They are not part of the Court file.

3. The Court conducts an initial screening of all complaints that are accompanied by an applica-

On December 20, 1996, Mr. Hogue filed his complaint in this Court, alleging employment discrimination against Tandy Corporation, d.b.a. Radio Shack, and John Roach, the CEO and Chairman of the Board of Tandy Corporation. He also filed an application to proceed *in forma pauperis*. Plaintiff alleged that defendants, through their hiring, training and firing procedures, discriminate against minority and female employees.

On January 9, 1997, the Court returned the complaint and application to Mr. Hogue because he had failed to complete Question 1 on the application. *See* Clerk's Office Correspondence with Plaintiff, January 9, 1997.[2] The Court informed Mr. Hogue that he could resubmit the papers after he corrected the deficiency. *Id.* On January 16, 1997, Mr. Hogue resubmitted his complaint and application. On January 30, 1997, the case was officially filed by the Clerk of the Court, and the Court stayed the case and ordered Mr. Hogue to provide the Court with a copy of the EEOC right-to-sue notice by May 6, 1997. On February 19, 1997, Mr. Hogue filed the EEOC notice with the Court. After all of these procedural matters were resolved, the case was assigned to the undersigned on February 27, 1997.[3]

## II. DISCUSSION

### A. *Timely Filing of Plaintiff's Complaint*

■ A person aggrieved under Title VII may file a civil action within ninety-days from the receipt of an EEOC right-to-sue notice. 42 U.S.C. § 2000e–5(f)(1). *See Anderson v. Local 201 Reinforcing Rodmen*, 886 F.Supp. 94, 96 (D.D.C.1995). Plaintiff received the EEOC right-to-sue notice on September 25, 1996, and he therefore had until December

tion to proceed *in forma pauperis*. A screening judge determines whether *in forma pauperis* ("IFP") status should be granted based on the litigant's application. If IFP status is granted, the complaint is then reviewed. The screening judge will dismiss any complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief; otherwise the case will be assigned to a judge. *See* 28 U.S.C. § 1915.

24, 1996 to commence a civil action.[4] Plaintiff presented a complaint and an application to proceed *in forma pauperis* to the Clerk's Office on December 20, 1996, four days before the deadline. Plaintiff's Original Complaint (found in Court File).

■ The fact that the Clerk's Office returned the papers to plaintiff to correct deficiencies in his application is irrelevant to the issue of timeliness. Plaintiff promptly returned the corrected papers to the Court, and they were accepted for filing. Plaintiff acted diligently and corrected the deficiencies in his application to proceed *in forma pauperis* in a timely manner. Plaintiff is not responsible for the administrative delay associated with the Court's review of his application to proceed *in forma pauperis. See Guillen v. National Grange,* 955 F.Supp. 144, 145 (D.D.C.1997) (A litigant is "not responsible for the administrative delay associated with the Court's review of petitions to proceed *in forma pauperis* ... the presentation of a complaint [and] a petition to proceed *in forma pauperis* tolls the ninety-day period of limitations...."); *Simmons v. Dennison,* No. 90–1885, 1991 WL 148544, at *1 (D.D.C. July 17, 1991), *aff'd,* No. 91–7183, 1992 WL 308840 (D.C.Cir.1992) (ninety-day time limit is equitably tolled when a plaintiff presents his complaint and application to proceed *in forma pauperis* to the Clerk's Office). Plaintiff has timely filed his complaint.

### B. *Individual Liability*

■ For Title VII purposes, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person...." *See* 42 U.S.C. § 2000e(b). A person with direct supervision over an employee may be joined as a party defendant in a Title VII action, but that

employee "must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.1995); *cert. denied,* ―― U.S. ――, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *see Nelson–Cole v. Borg–Warner Security Corp.* 881 F.Supp. 71, 73–74 (D.D.C.1995). Any relief granted under Title VII is against the employer, not against individual employees, even if it is their conduct that constituted a violation of Title VII. *Id.; see Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991).

■ John Roach, the CEO and Chairman of the Board of Tandy Corporation, did not have a direct supervisory role with respect to plaintiff; in fact, he did not have any contact with plaintiff. Defendants' Memorandum in Support of Defendants' Motions at 7. Plaintiff has alleged no personal wrongdoing by Mr. Roach. Since Mr. Roach did not supervise plaintiff or personally take any action against him, he cannot be held liable for the alleged discrimination committed by Tandy Corporation. *See Nelson–Cole v. Borg–Warner Security Corp,* 881 F.Supp. at 73–74. Even if Mr. Roach had personally taken action against plaintiff, any claims against him as an agent of the employer would merge with plaintiff's claims against Tandy Corporation and any relief awarded would be against Tandy alone. *See Gary v. Long,* 59 F.3d at 1399. Defendants' motion to dismiss plaintiff's claims against Mr. Roach therefore is granted.

### C. *Election of Remedies*

■ Defendants claim that plaintiff is barred from filing this complaint because he previously filed a complaint alleging a violation of the District of Columbia Human Rights Act, D.C.Code § 1–2525, with the D.C. Office of Human Rights. Defendants' Memorandum at 6.[5] By statute, with certain

---

4. The Court must determine a presumptive date of receipt of a right-to-sue notice when no evidence of the date of receipt of the notice has been provided. *Anderson v. Local 201 Reinforcing Rodmen,* 886 F.Supp. at 97. Since plaintiff has provided the Court with a copy of the U.S. Postal Service receipt for a certified letter indicating that the EEOC right-to-sue notice was in fact delivered on September 25, 1996, it is un-

necessary in this case to determine a presumptive date of receipt of the notice.

5. Section 1–2556(a) of the D.C.Code provides that

[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent

provisos, the jurisdiction of the D.C. Office of Human Rights and this Court are mutually exclusive and a plaintiff must elect between the filing of a Human Rights Act complaint with the Office of Human Rights and this Court. D.C.Code § 1–2556(a); *See Parker v. National Corp. For Housing Partnerships,* 697 F.Supp. 5, 7 (D.D.C.1988); *Weaver v. Gross,* 605 F.Supp. 210, 215 (D.D.C.1985).

■ During a status conference held on June 18, 1997, the Court was informed that the D.C. Department of Human Rights and Minority Business Development completed an investigation of plaintiff's complaint and concluded that there was no probable cause to believe that a violation of the D.C. Human Rights Act had occurred. Since plaintiff did file a complaint with the D.C. Office of Human Rights and the Office fully investigated the matter and reached a conclusion on the merits rather than dismissing it on grounds of administrative convenience, and since plaintiff never withdrew his complaint, plaintiff cannot bring an action in this or any other Court alleging violations of the D.C. Human Rights Act. *See* D.C.Code § 1–2556(a); *Parker v. National Corp. For Housing Partnerships,* 697 F.Supp. at 7–8. Plaintiff may, however, bring a Title VII claim, and the Court therefore will permit him to file an amended complaint alleging only a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

### III. CONCLUSION

For all of these reasons, it is this 23 rd day of June 1997,

ORDERED that defendants' motion to dismiss claims against John Roach [# 7] is GRANTED; it is

FURTHER ORDERED that defendants' motion to dismiss, or in the alternative, for summary judgment [# 8], is DENIED; and it is

FURTHER ORDERED that plaintiff shall file an amended complaint on or before Sep-

tember 7, 1997. This action is stayed until the filing of an amended complaint by plaintiff.

SO ORDERED.

jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder: Provided, that where the Office has dismissed such complaint on the grounds of administrative conve-

nience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed.