**Barbara GRIFFIN, Plaintiff,**

v.

**ACACIA LIFE INSURANCE COMPANY, Defendant.**

**No. CIV.A. 97–2816(RWR).**

United States District Court, District of Columbia.

July 24, 2001.

Gary Thomas Brown, Janice Anne Simons, Brown & Sherman, LL, Washington, DC, for Plaintiff.

Richard L. Platt, Securities & Exchange Commission Office of Investor, Washing-

ton, DC, Henry Adam Platt, Anessa Abrams, Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, Scott Robins, Portland, ME, for Defendant.

## MEMORANDUM OPINION

ROBERTS, District Judge.

Plaintiff filed this lawsuit alleging that her employer, Acacia Life Insurance Company ("Acacia"), discriminated against her on the basis of her sex, subjected her to *quid pro quo* sexual harassment, and retaliated against her. Plaintiff asserted claims under both Title VII [1] and District of Columbia law. Defendant has moved for summary judgment on the Title VII claims based on plaintiff's alleged failure to file her complaint within ninety days after receiving the Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). Because plaintiff has failed to present sufficiently probative evidence to rebut the presumption that she received the Right to Sue letter three days after it was mailed, the Title VII claims are untimely. Having dismissed the federal claims which provided the basis for original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the claims under D.C. law and will dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## BACKGROUND

Plaintiff began her employment with Acacia in 1970. In 1991, plaintiff was assigned to the Duplicating and Purchasing Department and, in February 1992, she was promoted to Senior Copy Preparation Specialist. During this period, she reported to Edward Elko, who reported to Arnold Rexroad. Beginning in March 1995, plaintiff reported directly to Rexroad.

Plaintiff alleges that Rexroad engaged in *quid pro quo* sexual harassment between 1991 and October 1996.

On October 25, 1996, plaintiff told Leon Stevens, a friend who was a supervisor for Acacia, that Shirl Nevas said that Rexroad moved Nevas's bra strap. Stevens reported the conversation to Rexroad, who reported it to his supervisor, Richard Fedalen. Plaintiff alleges that Rexroad retaliated against her for reporting the alleged sexual harassment of Nevas.

Plaintiff was advised in March 1997 that her position would be eliminated when the company reorganized and certain duties were outsourced. On May 2, 1997, plaintiff was given a written warning about poor performance based on customer complaints. On May 5, 1997, plaintiff "went out on sick leave ... due to stress from the workplace." Plaintiff's Opposition to Summary Judgment, at 11.

Plaintiff filed a charge of discrimination with the EEOC. After she received her Notice of Right to Sue letter, she filed this lawsuit.

## DISCUSSION

Rule 56 is an integral part of the Federal Rules of Civil Procedure, recognizing a party's right to demonstrate that certain claims have no factual or legal basis and to have those unsupported claims disposed of prior to trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A motion for summary judgment is properly granted unless there is evidence "on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is

---

**1.** Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

entitled to a verdict...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Summary judgment is appropriate when evidence on file shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *America's Community Bankers v. Federal Deposit Insurance Corp.*, 200 F.3d 822, 831 (D.C.Cir. 2000) (quoting Fed.R.Civ.P. 56(c)). "[A] genuine dispute about material facts exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted).

"While a nonmovant is not required to produce evidence in a form that would be admissible at trial, the evidence still must be capable of being converted into admissible evidence." *Gleklen v. Democratic Congressional Campaign Committee, Inc.*, 199 F.3d 1365, 1369 (D.C.Cir.2000). "Otherwise, the objective of summary judgment—to prevent unnecessary trials— would be undermined." *Id.*

## I. *Title VII Claims*

A person aggrieved under Title VII who seeks to file a civil action must do so within ninety days from receipt of the EEOC right-to-sue notice. 42 U.S.C. § 2000e–5(f)(1); *Hogue v. Roach*, 967 F.Supp. 7, 8 (D.D.C.1997).

 In this case, it is undisputed that the EEOC mailed the Notice of Right to Sue letter to plaintiff on August 7, 1997. *See* Dismissal and Notice of Rights, Exh.

L to Declaration of Henry A. Platt. Plaintiff testified in her deposition that she does not know on what date she received the right-to-sue letter and that she has no records which reflect the date of receipt. *See* Griffin Deposition, at 60–61. Where, as here, the plaintiff does not know when she received the Right to Sue letter, Federal Rule of Civil Procedure 6(e) creates a presumption that the letter was received three days after it was mailed. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 n. 3 (D.C.Cir.1998). Plaintiff presumptively received the letter on August 11, 1997.[2] The complaint was filed more than ninety days thereafter, on November 24, 1997.

The only evidence plaintiff has submitted to rebut this presumption is the declaration of her attorney, Janice A. Simons. In the declaration, Simons states that the law firm's records indicate that plaintiff first came to the law office on August 28, 1997. Declaration of Janice A. Simons, Exh. 9 to Plaintiff's Opposition to Summary Judgment, ¶3. Simons also states that there is an entry on her calendar for November 24, 1997, which reads "B. Griffin's Complaint Due." *Id.* ¶2. Based on these records, Simons believes that plaintiff told either Ms. Simons or someone else in the law firm that she received the Notice of Right to Sue letter on August 26, 1997, ninety days before the complaint was filed. *Id.* ¶4.[3]

Evidence of a person's habit or a firm's routine can be probative of whether the person or firm acted in conformity with that practice at a particular time. Fed.

---

2. In 1997, August 10 was a Sunday.

3. Similar evidence and argument was presented by the plaintiff and rejected by the

court in *Simpkins v. Washington Metropolitan Area Transit Authority*, 2 F.Supp.2d 52, 57 n. 6 (D.D.C.1998).

R.Evid. 406. Assuming that Simons's declaration satisfied Rule 406, it proves only so much. It may support the inference that *Simons believed* the filing deadline was November 24, 1997. Whether this evidence would be admissible to prove the second-level inference that *plaintiff told* Simons that plaintiff received the right-to-sue letter 90 days before November 24, 1997 is questionable, particularly with plaintiff wholly unable to corroborate such an inference. Neither inference, though, establishes when plaintiff *actually received* the letter. The speculation by plaintiff's counsel regarding the date plaintiff may have told one or more of her attorneys that she received the right-to-sue notice is not sufficient to create a genuine issue of material fact. *See, e.g., McGill v. Munoz,* 203 F.3d 843, 846 (D.C.Cir.2000) (speculation insufficient to avoid summary judgment).

Thus, in light of the fact that plaintiff has provided insufficiently probative evidence to rebut the presumption that she received the right-to-sue notice three days after it was mailed, plaintiff has failed to demonstrate that a genuine issue of fact exists as to the date on which she received the right-to-sue letter. It is undisputed that plaintiff filed her complaint more than ninety-three days after the right-to-sue notice was mailed and, as a result, the Title VII claims are untimely.

## II. *Claims Based on D.C. Law*

■ Plaintiff's Title VII claims were the basis for this Court's original jurisdiction, and the Court had supplemental jurisdiction over plaintiff's claims which were based on the laws of the District of Columbia. The court may decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (court should dismiss supplemental state law claims when federal claims dismissed before trial).[4] "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

■ In this case, the considerations of judicial economy, convenience, fairness, and comity favor declining to exercise supplemental jurisdiction over plaintiff's remaining claims. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130. "Thus comity and fairness point strongly toward having the District of Columbia's courts decide the claims." *Edmondson & Gallagher v. Alban Towers Tenants Ass'n,* 48 F.3d 1260, 1266 (D.C.Cir.1995) (remanding with instructions either to remand the matter to the D.C. courts or to dismiss the case without prejudice). The interests of judicial economy and convenience do not

4. Plaintiff argues that even if her Title VII claims are dismissed as untimely, the Court has original jurisdiction over the remaining claims based on diversity of citizenship. Plaintiff did not, however, include in her complaint allegations to support diversity jurisdiction. Moreover, plaintiff admits that she is a citizen of the District of Columbia. The evidence in the record establishes that defendant was incorporated in and is a citizen of the District. *See* Supplemental Declaration of Henry A. Platt, ¶ 2. As a result, the parties' citizenship is not diverse and there is no diversity jurisdiction.

favor exercising supplemental jurisdiction because this Court has not yet expended any resources on addressing the merits of the D.C. law claims and "there seems little difference in convenience for the parties whether they litigate in D.C. or federal court." *Id.*

The Court, therefore, will decline to exercise supplemental jurisdiction over plaintiff's DCHRA and negligent supervision claims. These claims will be dismissed without prejudice to their being refiled in D.C. Superior Court. Plaintiff is advised that 28 U.S.C. § 1367(d) tolls the statute of limitations for these D.C. law claims for a period of 30 days after entry of the final order in this case.

## CONCLUSION

Plaintiff failed to present sufficient evidence to rebut the presumption that she received the EEOC Notice of Right to Sue letter three days after it was mailed and to raise a genuine issue of material fact on this issue. As a result, the presumptive date of receipt was August 11, 1997. Plaintiff's complaint was not filed within ninety days after this presumptive date of receipt and is untimely.

Having dismissed the Title VII claims which provided the basis for original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the claims based on the laws of the District of Columbia. A final order accompanies this Memorandum Opinion.